UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLARENCE VANBLOUNT,

        Plaintiff,

v.

                                    Case No. 3:25-cv-1248-JEP-PDB

SGT. BALLARD, et al.,

        Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Clarence VanBlount, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983. (Doc. 1.)[1] He also moves to proceed *in forma pauperis* (Doc. 2). Plaintiff names three Florida Department of Corrections employees as defendants in their individual capacity only: (1) Sergeant Ballard; (2) Officer Carter; and (3) Officer Davis. Doc. 1 at 1–3.

Plaintiff alleges that on August 3, 2025, August 5, 2025, September 2, 2025, and September 12, 2025, he sent mail to his family that was never received. *Id.* at 5. He further states that "[t]he security that works in H-dorm are throwing the mail away or not picking it up" and comments that tampering

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

1

with mail is a federal offense. *Id.* For relief he asks the Court to "reward" him with $50,000. *Id.*

Under the Prison Litigation Reform Act ("PLRA"), a district court must dismiss a complaint or any portion of the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also Jackson v. BellSouth*

*Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se,* but need not accept as true legal conclusions. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); *Porter v. White*, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Plaintiff's complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678. Initially, Plaintiff fails to allege sufficient facts to connect the named defendants to any alleged violation of his

3

constitutional rights. Indeed, Plaintiff does not identify any action taken by any defendant and does not identify any federal *right* allegedly violated. However, in liberally construing his allegations, a prisoner's claim of interference with his mail, legal or otherwise, is properly analyzed under the First Amendment. Indeed, "[m]ail is one medium of free speech, and the right to send and receive mail exists under the First Amendment." *See Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008). Regardless, isolated incidents of interference with an inmate's incoming mail generally will not establish a constitutional violation. *See O'Connor v. Carnahan*, No. 3:09-cv-224-WS/EMT, 2014 WL 293457, at *6 (N.D. Fla. Jan. 27, 2014) (citing *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)); *see also Pro v. Bandy*, Case No. 2:08-cv-0175-RWS, 2008 WL 4445080, at *3 (N.D. Ga. Sept. 25, 2008) (stating that "allegations of sporadic interference with incoming mail are insufficient to state a First Amendment claim"); *Dees v. Lamar*, No. 2:20-cv-1326-LSC-GMB, 2021 WL 1953137, at *10 (N.D. Ala. Mar. 4, 2021), *rep. & recommendation adopted,* 2021 WL 1661195 (Apr. 28, 2021) (dismissing the plaintiff's First Amendment mail interference claim where he alleged the defendants, on one occasion, delayed delivering his mail containing a money order). Instead, a plaintiff can show mail tampering violated his First Amendment rights where there was a "pattern or practice" of such tampering or where prison officials

4

"regularly and unjustifiably interfered with" the plaintiff's legal mail. *See Davis*, 320 F.3d at 351.

Here, Plaintiff merely states family members did not receive his letters sent on four dates over the span of a month and a half. Petition at 4–5. His "conclusory allegations" and "unwarranted deductions of facts" are insufficient to plausibly state a claim. These vague and disjointed incidents do not show either a pattern or practice of mail tampering or that any defendant "regularly and unjustifiably interfered with" Plaintiff's mail.

In light of the foregoing, this case will be dismissed without prejudice for Plaintiff's failure to state a claim. Plaintiff may refile his claims with factual allegations sufficient to support a claim for relief if he elects to do so. Notably, pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.     This case is **DISMISSED without prejudice.**

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

5

**DONE AND ORDERED** in Jacksonville, Florida, on May 4, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

JaxP-12

C:   Clarence VanBlount, #132277

6